CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| **NICHOLAS GEORGE**<br>6107 Oak Glenn Ct.<br>Summerfield, NC 2358<br><br>　　　Plaintiff,<br>v.<br><br>**AVERETT UNIVERSITY OF DANVILLE, VIRGINIA**,<br>420 West Main Street<br>Danville, Virginia 24541<br><br>**LESLIE VILLAROSE**, *in her official capacity as Dean of Students of Averett University of Danville, Virginia*<br>420 West Main Street<br>Danville, Virginia 24541<br><br>**TIFFANY MCKILLIP FRANKS**, *in her official capacity as President of Averett University of Danville, Virginia*<br>420 West Main Street<br>Danville, Virginia 24541<br><br>　　　Defendants. | Case No. 4:19CV00008 |

## COMPLAINT

Nicholas George, through his attorneys, Anthony R. Coppola and Peter Anthony Jabaly, files this action for monetary damages, declaratory relief and both preliminary and permanent injunctive relief.

## PARTIES

1. Nicholas George is a resident of North Carolina. He entered the incoming fall 2018 class at Averett University as a freshman. He was taunted, bullied, and ultimately violently attacked by a drunken upperclassman and baseball player Adam George.

1

    He was suspended for an entire academic year for defending himself against this drunken attack.

2. Defendant Averett University of Danville, Virginia (the "University") is a private university incorporated, and with its principal place of business located in the Commonwealth of Virginia.

3. Defendant Leslie Villarose ("Dean") is or was at pertinent times Dean of Students at Averett University of Danville, Virginia and upon information and belief resides in the Western District of Virginia.

4. Defendant Tiffany McKillip Franks ("President") is or was at pertinent times the President of Averett University of Danville, Virginia and upon information and belief resides in the Western District of Virginia.

## JURISDICTION & VENUE

5. The Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

6. Venue properly lies in this Court under 28 U.S.C. § 1391. The Defendants are residents of the Commonwealth of Virginia and the University has as its principal place of business in the Commonwealth of Virginia and is considered to reside in this judicial district. In addition, the events and omissions giving rise to Plaintiff's claims occurred within the judicial district.

## FACTS

7. In August 2018, Nicholas George matriculated as a freshman at the University. Upon his enrollment, the University publishes its 2018-19 Student Handbook ("the Handbook").

8. The Handbook is also available on the University's website.[1]

9. The Handbook describes the rights and responsibilities of students at the University.

10. The Handbook establishes the University's standards for acceptable conduct, and describes procedures by which the University would investigate and adjudicate any alleged violations.

11. George had never before been disciplined.

12. George lived on-campus at the University.

13. George was a student-athlete, playing for the University's Division III baseball team.

14. The baseball coach made clear that the Handbook's standards did not apply to valued student athletes.

15. The coach told a group of students including George, "drink whatever you want. As long as I don't get a call from the police, I'm fine."

16. This double standard was reported to the Dean of Students by Nicholas's father.

17. The Dean of Students said she was working on it.

18. Taunting and harassment by more senior team members against younger members was also tolerated.

19. Adam George, a junior took special interest in taunting and harassing Nicholas George.

## THE FIGHT

20. Adam George and a number of team members harassed Nicholas George via text message for some time before Adam George attacked Nicholas.

21. With the coach and administration's policy of looking the other way, Nicholas went to campus on October 10, 2018 in an attempt to talk things out with Adam George.

---

[1] Averett University Student Handbook *available at*: www.averett.edu/wp-content/uploads/Handbook-18-19-8.21.pdf.

22. Nicholas found a drunken Adam George.

23. Adam George, an older student, physically attacked Nicholas.

24. Nicholas defended himself.

25. After fighting Nicholas, Adam George drunkenly attempted to drive his car, but quickly crashed it.

26. Nicholas was promptly kicked off campus and removed from his dormitory before an investigation was ever completed.

27. No similar action was taken against Adam George.

## THE UNIVERSITY'S REACTION

28. The University interviewed Nicholas George, Adam George and at least two other witnesses.

29. Not every witness was interviewed.

30. The students who were interviewed confirmed that Nicholas George had been taunted via text, drinking had occurred, and Adam George had attacked Nicholas.

31. One of the witnesses confirmed to the Dean of Students that Adam George had struck Nicholas first.

32. The University obtained the group chat messages.

33. At this point, the University diverged wildly from its own policies.

34. The Handbook contains specific provisions regarding fighting.

35. A first offense fight result in "Disciplinary Probation, 10 Community Service Hours."

36. And a student is entitled to have the decision in his non-academic misconduct case considered for appeal.

37. What actually happened is that George was effectively expelled from the University.

38. On October 19, 2018, George received a vague email that stated that he had accepted responsibility for nonacademic misconduct (though he had not) and would be suspended until May 2019 at which time he could reapply to the University. The October 19, 2018 Email attached hereto as **Exhibit A**.

39. The University also informed George in this email that his parents and coach would be informed of the suspension. The Handbook does state that "Violations involving personal and /or community risk may be handled administratively with suspension or expulsion a possible outcome."

40. And the University chose to impose this harsher punishment against Nicholas George, though of course not against Adam George.

41. But the University has not given any specific reason that it applied this harsher standard to a student defending himself from an older drunken bully.

42. Nicholas was never given a written finding of facts or a written notification of his appeal rights as was his right under the Handbook.

43. When George's attorneys requested an appeal, the University's attorney said they would not provide one and did not have to.

44. The University Handbook also discusses the policy and procedure in place for appealing decisions involving non-academic misconduct:

    If a student wishes to request a full hearing board, he or she must make this request to the Dean of Students or their designee *within two (2) business days (excluding University holidays, weekends, and breaks) of receiving* **decision notification to file a written appeal to the appropriate officer**. Requests for a full appellate conduct hearing must be based on substantial concerns and will be left to the discretion of the University staff assigned to review the request.[2]

---

[2] Pg. 53 of the 2018-2019 Student Hand book (emphasis added).

45. Counsel for George thrice asked for the "decision notification to file a written appeal…," but counsel for the University simply stated that George was informed of his appeal rights and did not exercise them without providing any supportive evidence whatsoever.

46. George's attorneys also requested that George be allowed to exercise his FERPA rights.

47. The University's attorney told George's attorneys that George would have to ask himself—not through counsel.

48. The Handbook did not even identify a person to file the request with.

49. And the University's attorney had difficulty identifying the right person.

50. Ultimately, no reason was given regarding why the George fight was more than a typical fight.

51. At worst, it was a simple fight between students.

52. There were no weapons or other circumstances that would make it unusual.

53. But the two students received different outcomes and neither outcome matched the policies of the Handbook.

## COUNT I – FIRST VIOLATION OF UNIVERSITY POLICY AND PROCEDURES – FAILURE TO BASE DECISION ON PREPONDERANCE OF THE EVIDENCE

54. All preceding paragraphs are incorporated herein.

55. George's administrative hearing was conducted by the Dean of Students. She had a discussion with George and some other students, but the investigation was lacking.

56. The investigation failed to uncover that George was defending himself – a threshold issue when determining if a fight merits discipline.

57. Defendants did not provide George with a written explanation of why the University was disciplining him or why it was deviating from its standard policy regarding first offense

fighting. The textbook definition of arbitrary and capricious: the decision was not reasoned.

58. The Handbook states that, "When the hearing officer is ready to make a decision, it is based on the preponderance of the evidence."[3]

59. The decision letter that George received on October 19, 2018 did not have any explanation of the evidence presented against him. It also did not describe the reason for the enhanced punishment George received.

60. The decision letter did vaguely statute that George accepted responsibility, but Plaintiff does not accept responsibility for the action of others who began the fight.

61. The administrative hearing decision letter, or any University official for that matter, did not explain why the University was deviating from the standard punishment for a first offense.

62. Although some students who witnessed the fight were interviewed, the investigation could not have reasonably led the University to its decision.

63. The University was looking for a quick way to give the semblance of a reasoned decision it had made before the investigation: that George was to be removed from school.

64. The University failed to follow its own procedure and thereby unduly harmed George.

65. Plaintiff was denied his liberty and property interests by Defendants in manner violative of the policies and procedures of the University.

66. Proper procedures would have proven that the misconduct at issue had not occurred because defending oneself can never be construed as "fighting."

---

[3] Pg. 53 of the 2018-2019 Student Handbook.

67. As a result of these violations of policies and procedures, Plaintiff was effectively expelled and suffers ongoing harm, including to his reputation, and numerous damages as a result.

68. He was forced to move out of his on-campus housing, is unable to enroll in University courses for the fall or spring semesters, is unable to transfer to another comparable undergraduate institution, pursue his student-athletic career, and is haunted now by the erroneous mark on his transcript labeling him as a violent person.

### COUNT II – SECOND VIOLATION OF UNIVERSITY POLICY AND PROCEDURES – DEFENDANTS DID NOT PROVIDE GEORGE WITH WRITTEN NOTIFICATION OF APPEAL RIGHTS

69. All preceding paragraphs are incorporated herein.

70. Further, Defendants did not provide George with his appeals rights in writing as is his right pursuant to the Student Handbook.

71. After an administrative hearing, the University's Student Handbook provides a student who has received a final decision a process by which to appeal the decision to the 'Averett Appellate Conduct Board.'

72. The Averett Appellate Conduct Board more closely resembles other university disciplinary proceedings in that it is a "full hearing board."

73. The student wishing a full hearing board "must make this request to the Dean of Students or their designee within two (2) business days (excluding University holidays, weekends, and breaks) of receiving decision notification to file a written appeal to the appropriate officer."

74. The University never sent George the decision notification to file a written appeal to the appropriate officer thereby foreclosing George's right to have the University's decision reviewed by a full hearing board.

75. By the time George received the October 19, 2018 Email that simply stated that George accepted responsibility and the University was imposing enhanced punishment, he was being represented by counsel and the University was aware of this fact.

76. Even had the email notified George of his appeal rights, which it did not, counsel was not permitted by University counsel to contact the appropriate University personnel.

77. Additionally, two days to appeal an administrative hearing is unconscionable on its face and designed to prevent students from having a full hearing board review their misconduct.

78. Defendants created a policy, pattern and practice which deprived Plaintiff of any meaningful response or opportunity to appeal. Defendants did not even follow their own procedures.

79. As a result of these violations of policies and procedures, Plaintiff was effectively expelled and suffers ongoing harm, including to his reputation, and numerous damages as a result.

80. He was forced to move out of his on-campus housing, is unable to enroll in University courses for the fall or spring semesters, is unable to transfer to another comparable undergraduate institution, pursue his student-athletic career, and is haunted now by the erroneous mark on his transcript labeling him as a violent person.

81. Accordingly, all Defendants are jointly and severally liable to John George for the violations of these contractual terms found in the University's policies and procedures found in the policies and procedures of the University.

## COUNT III – FAILURE TO SUPERVISE STUDENT BEHAVIOR

82. All preceding paragraphs are incorporated herein.

83. Though the University had policies to protect students, they were not followed.

84. As is often the case, certain athletes were allowed exemption from University policies.

85. The Baseball coach stated to students, "drink whatever you want. As long as I don't get a call from the police, I'm fine."

86. The coach made clear that health and safety protections did not apply to his athletes.

87. Even illegal behavior would be tolerated.

88. The Administration followed suit closely behind.

89. The Administration tolerated bullying.

90. The Administration tolerated alcohol consumption.

91. The Administration drew the line at a student defending himself from an attack by a more senior athlete.

92. Allowing Nicholas George to defend himself had the potential to unravel all of the "looking the other way" that was occurring on campus.

93. These actions created a dangerous environment where Nicholas George was ultimately assaulted by a drunken student, then expelled when he attempted to do something about it.

## COUNT IV – NEGLIGENCE

94. All preceding paragraphs are incorporated herein.

95. Though the University had the duty reflected in their stated policies to protect students, but these policies were not followed.

96. As is often the case, certain athletes were allowed exemption from University policies.

97. The Baseball coach stated to students, "drink whatever you want. As long as I don't get a call from the police, I'm fine."

98. The coach made clear that health and safety protections did not apply to his athletes.

99. Even illegal behavior would be tolerated.

100. The Administration followed suit closely behind.

101. The Administration tolerated bullying.

102. The Administration tolerated alcohol consumption.

103. The Administration did not tolerate that student defending himself.

104. The University was negligent in looking the other way on these numerous health and safety concerns.

105. These failures resulted in damage to Nicholas George. He was taunted and physically attacked by a drunk student.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court enter judgment on behalf of Plaintiff and against Defendants, and order relief against the Defendant as follows:

a. That this Court issue preliminary and permanent injunctive relief restraining Averett University:

   1. from continuing to enforce any punishment against Plaintiff, and

   2. from making any notation on Plaintiff's transcript, or keeping any record related to his disciplinary hearing in Plaintiff's educational records, as its sanctions were

   the product of an erroneous finding that Plaintiff violated the Code, which was itself a product of a flawed disciplinary process that denied Plaintiff his right to appeal.

b. That Defendants be ordered to pay compensatory damages as appropriate to compensate Plaintiff for the harm (mental, physical, reputational) and any other losses caused by their misconduct, in the amount of $500,000.

c. That Defendants be ordered to pay punitive damages, in the amount of $350,000.

d. That this Court award Plaintiff his costs and expenses incurred in this action, including attorney's fees, and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues presented.

Dated: February 19, 2019

_____
Anthony R. Coppola (VSB No. 74788)
Peter Anthony Jabaly (VSB No. 83214)
Coppola & Jabaly, PLLC
218 North Lee Street
Third Floor
Alexandria, Virginia 22314
(571) 296-0549
(703) 543-0698 (facsimile)
anthony@coppolajabaly.com
peter@coppolajabaly.com
*Attorneys for Plaintiff Nicholas George*

# EXHIBIT A

Sent from my iPhone

Begin forwarded message:

> **From:** Nicholas George <nageorge@aumail.averett.edu>
> **Date:** October 22, 2018 at 11:28:52 AM EDT
> **To:** mb98@att.net
> **Subject: Fwd: Conduct Meeting Decision**
>
>
> ---------- Forwarded message ---------
> From: <lvillarose@averett.edu>
> Date: Fri, Oct 19, 2018 at 5:30 PM
> Subject: Conduct Meeting Decision
> To: <nageorge@aumail.averett.edu>



October 19, 2018

Nicholas Alexander George
P000304507

Dear Nicholas:


Thank you for meeting with me to discuss the incident that occurred on October 13, 2018 12:00 AM. This is a letter confirming your decision to plead responsible for violating the following sections of the Averett University Code of Conduct with regard to that incident:

    Fighting (14)

As a result of pleading responsible, you must complete the following sanctions:

    1. Disciplinary Suspension
    You are being suspended from the University until May 2019. While suspended, you are not to return to campus, or attend any programs or activities of the University without written permission from the Dean of Students. If you return to campus without written permission during the period of suspension, you are subject to further disciplinary action and may become ineligible for readmission to the University. You will need to apply for readmission through the admissions office if you wish to return to the University after the period of suspension.

    2. Parent Notification
    Students under the age of 21 who are found in violation of the campus alcohol or drug policies may receive parent notification as a sanction. This notification will be sent on the date listed above.

> 3. Coach Notification
> As per an agreement with the athletics department, students who participate in varsity athletics who are found in violation of campus policies will have their coach notified as part of their sanctions. This notification is copied to the director of athletics and occurs whether or not the sport is in season.

Please contact me with any questions or concerns you may have about this decision.

Sincerely,


Incident: 00255-002-2018


CC: Meg Stevens, Director of Athletics
Kenneth Fleming