CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 18 2019

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| NICHOLAS GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:19-cv-00008 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AVERETT UNIVERSITY OF DANVILLE, | ) | By: Hon. Jackson L. Kiser |
| VIRGINIA, LESLIE VILLAROSE, and | ) | Senior United States District Judge |
| TIFFANY MCKILLIP FRANKS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' Averett University of Danville, Virginia, Leslie Villarose, and Tiffany McKillip Franks' ("Defendants") Motion to Dismiss, pursuant to Federal Rule of Procedure 12(b)(6), for failure to state a claim [ECF No. 5]. Having fully considered the evidence, the record, and the argument of the parties, I will grant Defendants' Motion to Dismiss.

## I.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff is a resident of North Carolina. Defendant Averett University ("Averett" or "the University"), located in Danville, Virginia, is a private university. Defendant Leslie Villarosa is Dean of Students at Averett, and Defendant Tiffany McKillip Franks is Averett's President.

Plaintiff began his education at Averett in August of 2018. (Comp. ¶ 7.) Upon his enrollment, he was provided a copy of Averett's Student Handbook,[2] which describes the rights

---

[1] The facts are taken from Plaintiff's Complaint [ECF No. 1].  As this stage, it is appropriate to accept Plaintiff's factual allegations as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[2] The Student Handbook was directly referenced in the Complaint and may therefore be considered on a Motion to Dismiss under Rule 12(b)(6). See Robinson v. Am. Honda Motor Co., Inc., 551 F.3d 218, 222–23 (4th Cir. 2009). The version of the Handbook relied upon by Plaintiff (see Compl. ¶ 8 n.1) is available at: http://www.averett.edu/wp-content/uploads/Handbook-18-19-8.21.pdf.

and responsibilities of the students and the acceptable standards of conduct. (Comp. ¶ 10.) It also provides the procedures for investigation of violations of the student code of conduct, adjudication of allegations of wrongdoing, and appeals of adverse findings.

While enrolled at Averett, Plaintiff was a member of Averett University's men's baseball team. (Comp. ¶ 13.) Although alcohol consumption by minors is illegal, Plaintiff alleges the basketball coach told players, "[D]rink whatever you want. As long as I don't get a call from the police, I'm fine." (Id. ¶ 15.)

Plaintiff alleges he was hazed and harassed by several of his teammates via text, specifically, by an upper classman named Adam George.[3] (Id. ¶ 20.) On October 10, 2018, Plaintiff approached Adam to discuss their differences. (Id. ¶ 21.) Plaintiff alleges Adam was inebriated. (Id. ¶ 22.) A physical altercation ensued, and Adam left the scene—drunk—and ultimately crashed the vehicle he was driving. (Id.) The University interviewed Plaintiff, Adam, and several witnesses. Plaintiff asserts the witnesses corroborated his claim that he had been taunted via text, and one witness even confirmed that Adam threw the first punch. (Id. ¶ 28.)

On October 19, 2018, Plaintiff received an email stating he had accepted responsibility and would be suspended for the remainder of the academic year. (Id. ¶ 38.) Plaintiff alleges the University diverted from its own policies regarding fights by suspending Plaintiff; according to Plaintiff, the Handbook mandates 10 Community Service hours for a first offense of fighting. (Id. ¶ 35; Handbook pg. 68.)[4] Plaintiff alleges his teammate did not receive the same punishment for the altercation; Adam, who Plaintiff contends was a more valued athlete, was given a much less

---

[3] Both Plaintiff and teammate share same last name. To reduce confusion, Plaintiff's teammate will be referred to by Adam.

[4] The Handbook also states that "violations involving personal and/or community risk may be handled administratively with suspension or expulsion a possible outcome." (Id. ¶ 39; Handbook pg. 68.)

serious sanction. (<u>Id</u>. ¶ 40.) Plaintiff contends he was not provided with a written finding of facts, a written notification of his appeal rights, or a contact to make an appeal. (<u>Id</u>. ¶ 42.)

On February 2, 2019, Plaintiff Nicholas George filed a Complaint against Defendants Averett University, Leslie Villarosa, and Tiffany McKillip Franks. Plaintiff brought four counts against Defendants: "Count I—first violation of university policies and procedures—failure to base decision on preponderance of the evidence" (<u>id</u>. ¶¶ 54–68; "Count II—second violation of university policies and procedures—defendants did not provide Plaintiff with written notification of appeal rights" (<u>id</u>. ¶¶ 69–81); "Count III—failure to supervise student behavior" (<u>id</u>. ¶¶ 82–93); and "Count IV—negligence" (<u>id</u>. ¶¶ 94–105). In March of 2019, Defendants filed a Motion to Dismiss for failure to state a claim. [ECF No. 5.] Plaintiff and Defendants appeared before the Court on May 24, 2019, to present their arguments.

After reviewing the evidence, the record, and the argument of the parties, this matter is ripe for disposition.

## II.  <u>STANDARD OF REVIEW</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. <u>Id</u>. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . ." <u>Twombly</u>, 550 U.S. at 555 (internal quotation marks

omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. **DISCUSSION**

Plaintiff has brought four counts against Defendants, and Defendants moved to dismiss all four counts. Each count will be addressed in turn.

> *A. Count I: "First Violation of University Policy and Procedures—Failure to Base Decision on Preponderance of the Evidence"*

The language presented in Count I appears to be language found in the Due Process Clause of the 14th Amendment. Plaintiff's claim is based on Defendants' alleged failure to protect Plaintiff's "liberty and property interests." (Comp. ¶ 65.)

Defendants named in the complaint are entities of a private university. Private institutions are not bound by the Due Process requirements of the 14th Amendment. See Doe v. Washington & Lee University, No. 6:14-CV-00052, 2015 WL 4647996, at *8 (4th Cir. Aug. 5, 2015) (holding private universities are not bound by the Constitution's due process requirements in disciplinary hearings).[5] With some narrow exceptions not applicable here, the Constitution controls only the actions of governmental, not private, actors.

At oral arguments on this Motion, however, Plaintiff appeared to abandon this claim.[6] Plaintiff asserted this had never been a claim of due process but was rather a claim asserting a

---

[5] Insofar as Plaintiff asserts a claim for violation of his due process rights, that claim will be dismissed.

[6] Plaintiff argued that he *was* asserting a Due Process claim in his brief, but *denied* making such a claim at oral argument. Regardless, I easily conclude that no Due Process claim has been stated against Averett. Moreover, there is no legal support whatever for Plaintiff's argument, on brief, that federal laws mandating

breach of a contractual duty between Plaintiff and Defendants. For the reasons stated below, Plaintiff has failed to allege the existence of a legal contract, and Count I fails to state a claim under either theory.

    *B.  Count II: "Second Violation of University Policy and Procedures—Defendants Did Not Provide George with Written Notification of Appeal Rights"*

Plaintiff's second claim against Defendants is a claim for breach of a contractual agreement. Plaintiff asserts the Student Handbook is a contractual agreement between the students and the administration. Plaintiff argues that he was not provided the written notification of appeal rights as described in the Student Handbook, and therefore Averett breached its obligations under the contract.

It is axiomatic that a contract must exist before a breach of contract action will lie, and whether a contract exists in Virginia is generally a question of law for the court to decide. <u>See, e.g.</u>, <u>Valjar, Inc. v. Maritime Terminals, Inc.</u>, 265 S.E.2d 734, 736 (Va. 1980) ("[T]he issue of contract *vel non* is a question of law."); <u>Mullins v. Mingo Lime & Lumber Co.</u>, 10 S.E.2d 492, 493 (Va. 1940) ("[T]he question of whether or not a contract was formed is a question of law, and is not within the province of the jury."); <u>Va. Power Energy Marketing, Inc. v. EQT Energy, LLC</u>, No. 3:11cv630, 2012 WL 2905110, at *5 (E.D. Va. July 16, 2012).

As a matter of law, to create a binding, enforceable contract, there must be mutuality between the parties. <u>Lacey v. Caldwell</u>, 217 S.E.2d 835, 843 (Va. 1975) ("It is elementary that mutuality of assent—the meeting of the minds of the parties—is an essential element of all contracts."). The Student Handbook presented to Plaintiff upon his enrollment contained language

---

that Averett keep certain "academic and disciplinary records" transforms Defendants' actions *en toto* into governmental ones.

permitting Defendants "to make changes during the year" when necessary.[7] Student Handbooks that permit the school to make unilateral changes at any given time are not binding contractual agreements. <u>Accord</u> <u>Doe</u>, 2015 WL 4647996, at *11. The ability of one party to make changes at will deprives the other party of the right to accept the changes as part of the bargain he struck, meaning any such agreement will necessarily lack mutuality between parties. In the absence of mutuality, there is no legal contract. Therefore, Plaintiff's second claim will be dismissed for lack of an enforceable contract. <u>Accord</u> <u>Tibbetts v. Yale Corp.</u>, 47 F. App'x. 648, 656 (4th Cir. 2002) (holding that Yale's student handbook "is not a contract").

Moreover, I find no value in Plaintiff's argument that, because he paid such a large amount for his education at Averett, a contract *must* be deemed to exist. There is no basis in the law to hold that a contract will be created simply by virtue of a large purchase price. The requirements for the formation of a contract are well-settled, and the Student Handbook relied upon by Plaintiff is not a contract. His breach of contract claim (or claims, depending on one's interpretation of Count I) is/are fundamentally lacking and will be dismissed.

## C. Count III: "Failure to Supervise Student Behavior"

The third count brought by Plaintiff appears to assert that Defendants failed to uphold an alleged duty to protect their students from harm at the hands of another student. Generally speaking, Virginia does not recognize a "duty to protect another from the conduct of third persons." <u>Kellermann v. McDonough</u>, 684 S.E.2d 786, 793 (Va. 2009) (quoting <u>Didato v. Strehler</u>, 554

---

[7] "On the rare occurrence that it may be necessary to make changes during the [academic] year, those changes will be made in the online handbook which will take precedence over the printed information contained in the Student Handbook. These changes shall be effective as of the date on which they are formally adopted or on the date specified in the change. Changes made during the academic year will be clearly noted in the online version of the handbook. This handbook and any changes thereto govern Averett University's relationship with its students." (Handbook pg. 4.)

S.E.2d 42, 49 (Va. 2001)). "This is particularly so when the third person commits acts of assaultive criminal behavior because such acts cannot reasonably be foreseen." <u>Burdette v. Marks</u>, 421 S.E.2d 419, 420 (Va. 1992).

"There is an exception to the general rule, however, where 'a special relationship exists (1) between the defendant and the third person which imposes a duty upon the defendant to control the third person's conduct, or (2) between the defendant and the plaintiff which gives a right to protection to the plaintiff." <u>Burns v. Gagnon</u>, 727 S.E.2d 634, 641–42 (Va. 2012) (quoting <u>Burdette</u>, 421 S.E.2d at 420). In the present case, Plaintiff has not alleged the existence of a special relationship between Averett and Adam, or Averett and Plaintiff, that would give rise to a duty to protect Plaintiff from Adam's criminal behavior. Courts have been loath to recognize a special duty outside of carefully delineated relationships, <u>see id.</u> at 642 (citing <u>Kellermann</u>, 684 S.E.2d at 793), and I am not aware of any case in which a special relationship has been held to exist between a university and its students sufficient to make the university liable for the assaultive criminal behavior of one student against the other. Absent such a duty, Count III is legally insufficient to state a claim and will be dismissed.

*D. Count IV: "Negligence"*

Plaintiff's final count is a claim of negligence. As discussed above, although Plaintiff asserts there was a duty to protect students from third-party harm, Virginia does not recognize such a duty under the facts alleged. <u>See Burns</u>, 727 S.Ed. at 641 (holding a vice principal did not have a special relationship with plaintiff student so as to impose duty on vice principal to protect the plaintiff from harm arising from assault by another student, even though the vice principal had been informed by a third student that internet postings indicated there was going to be a fight

involving plaintiff later that day). Without a duty, Plaintiff's negligence claim must fail. Accordingly, I will dismiss Count IV as well.

### IV. <u>**CONCLUSION**</u>

Plaintiff's Complaint fails to allege the existence of a valid contract or a legally-recognized duty of care. In the absence of either, his various counts are legally insufficient to state a claim, and his Complaint will be dismissed.

The clerk is instructed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 18th day of July, 2019.


s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE